1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## SEATTLE DIVISION

SHANNON SPENCER, individually and on behalf of himself and persons similarly situated,

        Plaintiff,

vs.

WALMART INC., a foreign for-profit corporation; and DOES 1-20,

        Defendants.

Case No. 2:23-cv-01793

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

[Clerk's Action Required]

**TO:**      **CLERK OF THE COURT**

**AND TO:**    **PLAINTIFF SHANNON SPENCER AND HIS ATTORNEYS OF RECORD**

        PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendant Walmart Inc. ("Defendant") hereby removes the instant action from the King County Superior Court for the State of Washington, Case No. 23-2-19402-1 SEA, to the United States District Court for the Western District of Washington, Seattle Division, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b). Alternatively, removal is also proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This Notice of Removal is supported by the Declaration of Adam T. Pankratz ("Pankratz Decl.") filed concurrently herewith, and the statements of facts and arguments below.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

## I.    **BACKGROUND**

2      1.      On or about October 18, 2023, Plaintiff Shannon Spencer caused to be filed a Class

3  Action Complaint for Damages, Injunctive Relief, and Declaratory Relief ("Complaint") in this

4  action in the King County Superior Court for the State of Washington, captioned *Shannon Spencer,*

5  *individually and on behalf of all others similarly situated, Plaintiff, vs. Walmart Inc., a foreign for-*

6  *profit corporation; and Does 1-20, Defendants*, Case No. 23-2-19402-1 SEA.  In accordance with

7  28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice

8  of Removal and as Exhibit 1 to the Declaration of Adam T. Pankratz ("Pankratz Decl.") at ¶ 2.

9      2.      On October 18, 2023, Plaintiff filed his 20-day Summons to Defendant Walmart

10  Inc. with the King County Superior Court.  Pankratz Decl. at ¶ 3, Ex. 2.

11      3.      On October 18, 2023, Plaintiff filed a true and correct copy of the Case Information

12  Cover Sheet and Area Designation.  Pankratz Decl. at ¶ 4, Ex. 3.

13      4.      On October 18, 2023, the King County Superior Court Clerk entered an Order

14  Setting Civil Case Schedule.  Pankratz Decl. at ¶ 5, Ex. 4.

15      5.      On October 24, 2023, Plaintiff filed his Declaration of Service of Summons and

16  Complaint, showing service upon Defendant Walmart Inc. on October 19, 2023.  Pankratz Decl.

17  at ¶ 6, Ex. 5.

18      6.      On November 13, 2023, Adam T. Pankratz filed a Notice of Appearance on behalf

19  of Defendant in the King County Superior Court.  Pankratz Decl. at ¶ 7, Ex. 6.

20      7.      The foregoing Exhibits 1–6 constitute all of the process, pleadings, and orders

21  either served upon Defendant or filed in this action.  Pankratz Decl. at ¶ 8.

22      8.      The deadline for Defendant to remove this action has not expired since receipt by

23  Defendant of the Summons and Complaint.  Defendant has not voluntarily invoked or submitted

24  to the jurisdiction of the King County Superior Court of the State of Washington in any manner.

25  Pankratz Decl. at ¶ 12.

26

1    9.    No further proceedings have been had in the state court as of the date of this Notice.

2    *Id.*  As a result, true and correct copies of all process, pleadings, orders, and other records served

3    or filed in the state court action have been provided herewith.

4    10.    By filing this Notice of Removal, Defendant does not waive, but expressly reserves,

5    any objections as to the legal sufficiency of Plaintiff's claims and any and all other defenses.

6    ## II.    DIVERSITY JURISDICTION

7    11.    District courts have jurisdiction for civil actions where: (A) the controversy is

8    between citizens of different states; and (B) the amount in controversy exceeds $75,000.

9    28 U.S.C. § 1332(a).   It is the removing party's burden to establish that removal is proper.

10    *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir.

11    2010) (internal citations omitted).   Both requirements of diversity jurisdiction are met here, as

12    addressed below.

13    **A.    Complete Diversity of Citizenship.**

14    12.    Plaintiff and Defendant are citizens of different states.  28 U.S.C. § 1332.

15    (a)    Plaintiff's Citizenship.  For diversity of citizenship purposes, a person is a

16    "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed.  *Armstrong v.*

17    *Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747,

18    750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). The

19    Ninth Circuit has held that "allegations of citizenship may be based solely on information and

20    belief."  *Ehrman v. Cox Comm'ns, Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019).  Here, Plaintiff pled

21    in his Complaint that he is a resident of King County, Washington.  Pankratz Decl. ¶ 2, Ex. 1.

22    Thus, based upon Plaintiff's assertions, Plaintiff is a citizen of Washington.

23    (b)    Defendants' Citizenship**.**  "A corporation shall be deemed to be a citizen of

24    any State by which it has been incorporated and of the state where it has its principal place of

25    business."  28 U.S.C. § 1332(c). The Supreme Court of the United States established the proper

26    test for determining a corporation's principal place of business for purposes of diversity

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 3
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029

2    (2010).  The Supreme Court concluded that the "'principal place of business' is best read as

3    referring to the place where a corporation's officers direct, control, and coordinate the

4    corporation's activities." *Id*. at 80–81.  The Court clarified that the principal place of business can

5    be the place where the corporation "maintains its headquarters—provided that the headquarters is

6    the actual center of direction, control, and coordination." *Id.* Here, Defendant is incorporated in

7    Delaware, and has its principal place of business in Bentonville, Arkansas, which is where the

8    corporation's officers direct, control, and coordinate the Defendant's activities.  Thus, for diversity

9    purposes, Defendant must be considered a citizen of the states of Delaware and Arkansas, not

10   Washington.  There is accordingly minimal jurisdiction under CAFA.  *See* 28 U.S.C.

11   § 1332(d)(2)(A); *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d

12   1029 (2010); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011).

13        13.    Based upon the foregoing, there is complete diversity of citizenship between

14   Plaintiff, who is a citizen of Washington, and Defendant, which is a citizen of Delaware and

15   Arkansas.

16   **B.    Amount in Controversy.**

17        14.    The amount in controversy must exceed $75,000.  28 U.S.C. § 1332.

18        15.    In determining whether the jurisdictional minimum is met, the Court considers all

19   recoverable damages, including mental and emotional distress damages, punitive damages,

20   statutory penalties, and attorneys' fees.  *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.

21   2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS*

22   *Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998).  The amount in controversy includes all

23   future damages the plaintiff would be entitled to upon resolution of the case in his favor.  *Chavez*

24   *v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

25        16.    Defendant has the burden of showing that it is more likely than not that the

26   jurisdictional threshold is in controversy.  *Sanchez*, 102 F.3d at 404.  "[That] burden is not

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 4
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at 2 (E.D. Cal. May 1, 2007) (*quoting McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

17.    In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Thus, the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys' fees, costs, and expenses.

18.    Under 28 U.S.C. § 1446(c), Defendant has a reasonable good-faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.

(a)    Statutory Damages.  First, Plaintiff seeks statutory damages of actual damages or $5,000, whichever is greater, pursuant to RCW 49.58.070(1).  *See* Pankratz Decl., Ex. 1, at ¶ Section VII. Request for Relief, ¶ 2.

(b)    Attorneys' Fees, Expenses, and Costs.  Second, Plaintiff seeks attorneys' fees, expenses, and costs under RCW 49.58.070(1).  *See* Pankratz Decl., Ex. 1, at ¶ Section VII. Request for Relief, ¶ 3.  Statutory attorneys' fees are included in a computation of the amount in controversy.  *Galt G/S*, 142 F.3d at 1155–56.  The Ninth Circuit has held that future attorneys' fees awards are part of the amount in controversy, not just those fees that are incurred at the time of removal.  *Chavez,* 888 F.3d at 417; *Fritsch*, 899 F.3d at 788.  Defendant retains the burden of proving the amount of future attorneys' fees by a preponderance of the evidence, *Fritsch*, 899 F.3d at 788, and may estimate them at the time of removal, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016).  Based on experience in similar class action litigation, if successful, Plaintiff's fee award will likely be in excess of $75,000, and in fact, Plaintiff's counsel has routinely sought approval of fee awards in excess of that amount.  *See* Pankratz Decl., Exs. 8-11 (approval of fee awards of $138,600, $204, 848.83, $270,000, and $85,000).  Further to this

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 5
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1    point, courts in the Ninth Circuit have estimated the number of hours for employment cases

2    between 100 and 300 hours. *Adkins,* 293 F. Supp. 3d at 1148; *Garcia,* 2014 WL 2468344 at \*5;

3    *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at \*6 (C.D. Cal. 2015). Plaintiff's

4    counsel recently sought approval of a billing rate of $725 per hour, and presuming he would do

5    the same here, his fees would outstrip the amount in controversy threshold. *See* Pankratz Decl.,

6    Ex. 12 (approval of $725 per hour).

7        (c)    <u>Service Award</u>. Finally, Plaintiff, upon information and belief, will seek a

8    service award related to his purported role as class representative. In collective and class action

9    cases, plaintiffs routinely request an award of $15,000-$20,000. Defendant expects no difference

10   here.

11       19.   <u>In Sum</u>. When combined, it is more likely than not that the amount in controversy

12   exceeds $75,000, particularly considering statutory damages of $5,000, attorneys' fees in class

13   action cases which routinely exceed $75,000, and a service award to Plaintiff up to $20,000.

14       **III.    CLASS ACTION FAIRNESS ACT ("CAFA") JURISDICTION**

15       CAFA provides an alternative ground for removal. "CAFA gives federal district courts

16   original jurisdiction over class actions in which [1] the class members number at least 100, [2] at

17   least one plaintiff is diverse in citizenship from any defendant [i.e., minimal diversity], and [3] the

18   aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra v.*

19   *Manheim Investments, Inc*., 775 F.3d 1193, 1195 (9th Cir. 2015). *See also* 28 U.S.C. § 1332(d)(2).

20   "CAFA's provisions should be read broadly, with a strong preference that interstate class actions

21   should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner*

22   *Transp. Servs.,* 28 F.4th 989, 992-993 (9th Cir. 2022) (citation omitted). The three CAFA

23   requirements are met.

24       1)    *More Than 100 Class Members*

25       Plaintiff seeks to represent a putative class of all "all individuals who, from January 1,

26   2023, through the date notice is provided to the Class, applied for a job opening in the State of

1  Washington with Defendant, where the job posting did not disclose the wage scale or salary range

2  for the position." Pankratz Decl., Ex. 1, ¶ 19.  Plaintiff alleges that this putative class contains

3  "potentially hundreds" of applicants.  *Id.*, ¶ 21.  Additionally, notwithstanding Defendant's

4  objections to Plaintiff's Class Definition, Defendant's records reflect that Plaintiff's Class

5  Definition would encompass 100 or more members.

6          2)    *Minimal Diversity Exists Under CAFA*

7          Diversity of parties "speaks of citizenship, not of residency," and a "natural person's state

8  citizenship is . . . determined by her state of domicile," which "is her permanent home, where she

9  resides with the intention to remain or to which she intends to return." *Rapid Readymix Co. v.*

10  *Concrete Strategies LLC*, 2023 U.S. Dist. LEXIS 87528, *1–2 (W.D. Wash. May 18, 2023)

11  (citations omitted).  Here, Plaintiff's "permanent home, where [he] resides with the intention to

12  remain" was alleged to be Washington. *Rapid Readymix*, 2023 U.S. Dist. LEXIS 87528, *1–2.

13          As noted above, "a corporation shall be deemed to be a citizen of any State by which it has

14  been incorporated and of the state where it has its principal place of business." 28 U.S.C.

15  § 1332(c). The Supreme Court of the United States established the proper test for determining a

16  corporation's principal place of business for purposes of diversity jurisdiction in *Hertz*

17  *Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  The Supreme

18  Court concluded that the "'principal place of business' is best read as referring to the place where

19  a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 80–81.

20  The Court clarified that the principal place of business can be the place where the corporation

21  "maintains its headquarters—provided that the headquarters is the actual center of direction,

22  control, and coordination." *Id.*  Defendant's principal place of business is in Bentonville, Arkansas

23  and it is organized under Delaware law.  Thus, minimal diversity is established.

24

25

26

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 7
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

3)    *The Aggregate Amount in Controversy Exceeds $5 Million*

While Plaintiff does not set forth a specific dollar amount in the prayer for relief, based upon Plaintiff's allegations in the Complaint, if successful, the aggregate amount in controversy is greater than $5 million.

In assessing the amount in controversy, courts assume that Plaintiff's allegations are true and that a jury will find for Plaintiff on all claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). As noted above, this means that the amount in controversy includes damages, the cost of injunctive relief, and attorneys' fees, and Defendant must only put forth a plausible allegation that this amount exceeds the requisite threshold. *See e.g., Dart v. Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

(a)    Statutory Damages. First, Plaintiff seeks statutory damages of actual damages or $5,000, whichever is greater, pursuant to RCW 49.58.070(1). *See* Pankratz Decl., Ex. 1, at Section VII. Request for Relief, ¶ 2. Plaintiff seeks these damages on a class action basis, which he defines in the Class Definition to encompass: "All individuals who, from January 1, 2023, through the date of notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position." *Id.* at ¶ 19. Notwithstanding any potential objections of Defendant to Plaintiff's Class Definition, and reserving all rights as to the same, as the Class Definition is described in the Complaint, the class would include more than 1,001 applicants. Assuming statutory damages of $5,000 per each of those applicants, the aggregate amount of damages potentially at issue exceeds $5,000,000 (1,001 x $5,000 = $5,005,000).

(b)    Attorneys' Fees, Expenses, and Costs. Second, Plaintiff seeks attorneys' fees, expenses, and costs under RCW 49.58.070(1). *See* Pankratz Decl., Ex. 1, at ¶ Section VII. Request for Relief, ¶ 3. As described above, attorneys' fees are included in a computation of the amount in controversy, *Galt G/S*, 142 F.3d at 1155–56, including future attorneys' fees awards,

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 8
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

and not just those fees that are incurred at the time of removal, *Chavez*, 888 F.3d at 417; *Fritsch*, 899 F.3d at 788.  As also described above, based on experience in similar class action litigation, if successful, Plaintiff's fee award will be substantial.  For instance, Plaintiff's counsel has recently sought approval of fee awards in the amount of $138,600, $204, 848.83, $270,000, and $85,000.  *See* Pankratz Decl., Exs. 8-11.  Further to this point, as described above, the number of hours for employment cases in this Circuit is routinely estimated to be between 100 and 300 hours.  *Adkins*, 293 F. Supp. 3d at 1148; *Garcia*, 2014 WL 2468344 at *5; *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *6 (C.D. Cal. 2015).  Plaintiff's counsel recently sought approval of a billing rate of $725 per hour, and he would presumably do the same here,.  *See* Pankratz Decl., Ex. 12 (approval of $725 per hour).

(c)    <u>Service Award</u>.  Finally, Plaintiff, upon information and belief, will seek a service award related to his purported role as class representative.  In collective and class action cases, plaintiffs routinely request an award of $15,000-$20,000.  Defendant expects no difference here.

When combined, the aggregated statutory damages ($5,005,000), attorneys' fees ($100,000+), and service award ($10,000 - $20,000) easily exceed the amount in controversy threshold of CAFA of $5,000,000.  Therefore, this action satisfies the amount in controversy threshold of CAFA.

## IV.    <u>ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED</u>

20.    This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described King County Superior Court case is pending.  *See* 28 U.S.C. § 1441(a).

21.    This Notice of Removal is being timely filed within 30 days of October 19, 2023, when according to Plaintiff's Declaration of Service, Defendant received notice of the pleadings upon which this removal is based.  *See* 28 U.S.C. § 1446(b).

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 9
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

22.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court."

23.     As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendant served Plaintiff with this Notice of Removal and with their Notice to State Court of Removal to Federal Court.

## V.     CONCLUSION

WHEREFORE, Defendant respectfully requests that this case be removed from the King County Superior Court of the State of Washington to this Court.  Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to this action.

Respectfully submitted this 20th day of November, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
   Adam T. Pankratz, WSBA #50951
   1201 Third Avenue, Suite 5150
   Seattle, WA  98101
   Telephone:  (206) 693-7057
   Facsimile:  (206) 693-7058
   Email:    adam.pankratz@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Mathew A. Parker*
   Mathew A. Parker, OSBA #0093231
   (*pro hac vice* application pending)
   The KeyBank Building
   88 East Broad Street, Suite 2025
   Columbus, OH  43215
   Telephone:  (614) 494-0420
   Facsimile:  (614) 633-1455
   Email:    mathew.parker@ogletree.com

*Attorneys for Defendant Walmart Inc.*

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT - 10
Case No. 2:23-cv-01793

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on November 20, 2023, I served the foregoing DEFENDANT'S

3    NOTICE OF REMOVAL TO FEDERAL COURT via the method(s) below to the following

4    parties:

5    Timothy W. Emery, WSBA #34078
     Patrick B. Reddy, WSBA #34092
6    Paul Cipriani Jr., WSBA #59991
     EMERY | REDDY PLLC
7    600 Stewart Street, Suite 1100
     Seattle, WA 98101-1269
8    Telephone: (206) 442-9106
     Facsimile: (206) 441-9711
9    Email:    emeryt@emeryreddy.com
                reddyp@emeryreddy.com
10              paul@emeryreddy.com

11   *Attorneys for Plaintiff Shannon Spencer*

12

13   ☒    by **electronic** means through the Court's Case Management/Electronic Case File system,
           which will send automatic notification of filing to each person listed above.
14

15   ☐    by **mailing** a true and correct copy to the last known address of each person listed above. It
           was contained in a sealed envelope, with postage paid, addressed as stated above, and
16         deposited with the U.S. Postal Service in Seattle, Washington.

17   ☒    by **e-mailing** a true and correct copy to the last known email address of each person listed
           above.
18

19   SIGNED THIS 20th day of November, 2023 at Seattle, Washington.

20                           OGLETREE, DEAKINS, NASH, SMOAK
                             & STEWART, P.C.
21
                             By: */s/ Cheryl L. Kelley*
22                               Cheryl L. Kelley, Practice Assistant
                                 cheryl.kelley@ogletree.com
23

24

25

26