The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON SPENCER, *et al.*,

    Plaintiffs,

v.

WALMART INC.,

    Defendant.

NO. 23-cv-1793-BJR

**ORDER GRANTING REMAND**

## I.   INTRODUCTION

Plaintiff, Shannon Spencer, originally filed this case in King County Superior Court alleging that Defendant, Walmart Inc., had violated a specific pay transparency provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position.[1] Walmart removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, and alternatively, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). Notice of Removal, ECF

---

[1] A detailed statutory background may be found in this Court's decisions in related cases. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *1-2 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *1-2 (W.D. Wash. May 10, 2024).

ORDER GRANTING REMAND

- 1

No. 1. Now pending before the Court is Plaintiff's Motion to Remand, ECF No. 20.[2] Having reviewed the materials[3] and the relevant legal authorities, the Court will GRANT the motion. The reasoning for the Court's decision follows.

## II.  BACKGROUND

Shannon Spencer alleges that on September 8, 2023, he applied to Walmart's open position of "Area Manager – Systems (Grocery) – Information Technology Systems." Compl. ¶¶ 8, 15; Ex. 1,[4] ECF No. 1-1. He alleges that he and more than 40 potential class members applied to job openings at Walmart for positions where the posting did not disclose the wage scale or salary range. *Id.* ¶ 14. He further alleges that he "lost valuable time applying for jobs with Defendant for which the pay or salary range was not disclosed" and was unable to "evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace." *Id.* ¶¶ 16-17. Mr. Spencer filed suit against Walmart on October 9, 2023. *Id.* at 7. His complaint is strikingly similar to numerous other putative class-action lawsuits filed by multiple plaintiffs represented by Emery Reddy, PLLC, and subsequently removed to this Court by the defendants.

Mr. Spencer filed the pending motion seeking remand back to state court, asserting that this Court lacks subject matter jurisdiction because he lacks Article III standing to proceed in federal court. He also argues that neither diversity jurisdiction nor CAFA jurisdiction exists, and he contends that this matter is best suited for adjudication in a Washington state court. Mot. 2.

---

[2] The motion was filed on July 11, 2024. In the interim period, the Court stayed this case for mediation, and subsequently continued the stay to defer ruling on the motion pending the Washington Supreme Court's opinion on the certified question in a related case. *See* Minute Order, ECF No. 27. The stay was lifted on September 29, 2025. Lift Stay Order, ECF No. 29.

[3] Including the motion, ECF No. 20; Walmart's response in opposition, ECF No. 21; and Plaintiff's reply, ECF No. 23; together with attached exhibits, the Complaint, ECF No. 1-1, and the record of the case to date.

[4] The Court notes that the exhibit shows what appears to be a screen capture of a job posting on Indeed.com on September 8, 2023, although it is not evident that Mr. Spencer applied for the job. *See* Compl. Ex.1, ECF No. 1-1.

ORDER GRANTING REMAND

- 2

On August 20, 2024, the Honorable Judge Chun certified a question in a similar case to the Washington Supreme Court, asking it to interpret the term "job applicant" as used in the EPOA statute. *Branson v. Washington Fine Wines & Spirits, LLC*, 2:24-CV-00589-JHC, 2024 WL 4510680, at *1 (W.D. Wash. Aug. 20, 2024), *certified question accepted*, 103394-0, 2024 WL 4471756 (Wash. Oct. 11, 2024)).[5] This case has been stayed pending the state Supreme Court's decision on the certified question. *See* Minute Order, ECF No. 27. On September 4, 2025, the Washington Supreme Court issued its decision. *Branson v. Wash. Fine Wine & Spirits, LLC*, --- Wn. 3d ----, 574 P.3d 1031, No. 103394-0, 2025 WL 2536266 (Sept. 4, 2025) (en banc). The Court interpreted the term "job applicant" as used in the EPOA and concluded:

> A job applicant need not prove they are a "bona fide" applicant to be deemed a "job applicant." Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a "job applicant," regardless of the person's subjective intent in applying for the specific position.

*Id.* at *8. As requested by the parties, the stay has been lifted, and the Court now rules on Mr. Spencer's motion to remand. *See* Motion to Lift Stay and Order, ECF Nos. 27, 28.

### III.   LEGAL STANDARD

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the

---

[5] The Court notes that in the *Branson* case, the Plaintiff pleaded that she "applied to work for Defendant in good faith with the intent of gaining employment," and Judge Chun summarily denied Plaintiff's motion to remand. *See* Compl. ¶ 19, ECF No. 1-2; ECF No. 25, in 24-cv-589-JHC.

ORDER GRANTING REMAND
- 3

complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Jurisdiction is based on the pleadings filed at the time of removal and is based "solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *Id.* (quoting *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

### IV. DISCUSSION

Mr. Spencer requests that this matter be remanded for lack of Article III standing and subject matter jurisdiction. Mot. 1, 2 (citing similar cases that have been remanded). "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528,

ORDER GRANTING REMAND
- 4

1  532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes

2  the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself

3  or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))); s*ee*

4  *also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[S]tanding

5  is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach

6  the class action issue."). Whether plaintiffs have Article III standing to proceed with this lawsuit

7  implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975)

8  (stating that standing is jurisdictional).

9        "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is

10 concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the

11 defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v.*

12 *Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61

13 (1992)). "[E]ach element must be supported in the same way as any other matter on which the

14 plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the

15 successive stages of the litigation." *Lujan*, 504 U.S. at 561.

16       As Mr. Spencer argues, this Court has found in similar— virtually identically pleaded—

17 cases, that the plaintiffs failed to allege that they applied for the posted positions in good faith with

18 a genuine interest in employment with the employer. *See, e.g.*, *Floyd v. Insight Global, LLC*, No.

19 2:23-cv-01680-BJR (W.D. Wash.); *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742-BJR (W.D.

20 Wash.); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR (W.D. Wash.). At issue in those cases,

21 as here, is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the

22 plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v.*

23 *Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted).

24 ORDER GRANTING REMAND

25 - 5

To establish an injury in fact, plaintiffs must show that they suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560 (citations omitted). Injury is particularized if it affects a plaintiff "in a personal and individual way." *Id.* at 560 n.1. And it is concrete if it "actually exist[s]," meaning that it is "real, and not abstract." *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 340 (2016) *as revised* (May 24, 2016) (citations omitted). Importantly, "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Id.* at 341 (emphasis added). A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo I*, 578 U.S. at 341). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340).

Intangible injuries, such as the omission of statutorily required information, "can nevertheless be concrete." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Spokeo I*, 578 U.S. at 340). "[A]n *intangible* injury may be concrete if it presents a material risk of *tangible* harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo I*, 578 U.S. at 340-41). To determine whether the violation of a statute constitutes a concrete harm, the Ninth Circuit engages in a two-part inquiry. *Magadia*, 999 F.3d at 679. First, a court considers "whether the statutory provisions at issue were established to protect .

ORDER GRANTING REMAND
- 6

. . concrete interests (as opposed to purely procedural rights)." *Id.* (citation omitted). The court then assesses "whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

In *Floyd* and *Atkinson*, referred to above, this Court further reviewed various cases that analyzed statutory violations in the context of Article III standing and concluded that the statutory violation at issue here is distinctly different from those cases that relate to privacy interests or where misleading information creates a risk of harm. *See* 2:23-cv-01680-BJR; No. 2:23-cv-01742-BJR. The Court found that in cases such as these, there is no obvious analogue in the history of American courts and plaintiffs must allege some personal harm. *Id.* Indeed, in *Magadia*, the Ninth Circuit Court confirmed that the "'procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court.' The plaintiff must further allege 'at least that the information had some relevance to *her*.'" 999 F.3d at 679-80 (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)). This Court concluded that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm. Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation.

Walmart argues that Mr. Spencer alleged actual harm by pleading that he "'lost valuable time applying for jobs with Defendant for which the pay or salary range was not disclosed[,]'; was 'harmed' because the alleged nondisclosure resulted in the 'inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other positions[,]'; and suffered actual and/or statutory damages." Opp'n 2 (citing Compl. ¶¶ 16, 17, and Prayer for Relief ¶ 2). Walmart contends

ORDER GRANTING REMAND
- 7

that these allegations inherently imply his bona fide applicant status and are the types of harms that the EPOA was intended to protect against. *Id.* The Court disagrees. The EPOA's increased transparency requirement was designed to avoid harm to those who "spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3. The EPOA's legislative history "confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate." *Hill v. ACV Auctions Inc.*, No. C25-616 MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025). Mr. Spencer alleges only that he lost time applying for the job,[6] but he did not allege that he wanted the job, nor that he was offered an interview, nor that he engaged in any pay negotiations. Further, Mr. Spencer asserts that he did not risk personal exposure to the harm of wasted time interviewing for a position whose pay would never be adequate. Reply 2. Mr. Spencer's conclusory allegations in his complaint are insufficient to allege Article III standing. As this Court has stated before, a nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof.

Further, the state Supreme Court's decision in *Branson* does not change this Court's standing analysis. The *Branson* court did not address standing—neither federal nor statutory—but answered the question: "What must a plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)?" 2025 WL 2536266, at *1. The *Branson* decision clarifies that a plaintiff does not have to prove they are a "bona fide" or "good faith" applicant to qualify as a "job applicant" that can sue to obtain remedies under the statute. *Id.* But a plaintiff must still show an

---

[6] The Court notes that any time wasted in applying for a job without good faith is actually a self-inflicted harm.

ORDER GRANTING REMAND

- 8

injury-in-fact for Article III purposes. *Spokeo II*, 867 F.3d at 1112. Mr. Spencer has failed to plead such an injury. Because a lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c).

## V. CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion to Remand, ECF No. 20, is GRANTED; and
2. This case is remanded to King County Superior Court.

DATED this 14th day of October 2025.

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING REMAND

- 9